**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **BERNITA DAVIS,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:24-CV-444 (MTT)** |
| | ) | |
| **PEACH COUNTY BOARD OF** | ) | |
| **COMMISSIONERS,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## ORDER

Defendant Peach County Board of Commissioners moves the Court to dismiss plaintiff Bernita Davis' complaint pursuant to Rules 12(b)(5) and (6) of the Federal Rules of Civil Procedure. Doc. 8. In an effort to afford plaintiff, who is proceeding *pro se*, adequate notice and time to respond to the defendant's motion, the following notice is given. If plaintiff wishes to respond, she must do so no later than **TWENTY-ONE DAYS from the receipt of this Order**.[1]

The Court evaluates a motion to dismiss for insufficient service of process and failure to state a claim using the following standards.

*Motion to dismiss for insufficient service of process.* "Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Pardazi v. Cullman Med. Ctr.,* 896 F.2d 1313,

---

[1] The Clerk is **DIRECTED** to mail a copy of the motion to dismiss (Doc. 8) to plaintiff at her last-known address. Thereafter, all notices or other papers may be served on plaintiff directly by mail at her last-known address.

1317 (11th Cir. 1990); *Prewitt Enters., Inc. v. OPEC,* 353 F.3d 916, 921 (11th Cir.

2003).  Generally, the Court must consider jurisdictional issues first.  *Posner v. Essex*

*Ins. Co., Ltd*., 178 F.3d 1209, 1214 n.6 (11th Cir. 1999).  Accordingly, where service of

process is insufficient, it is "improper for the district court to ... reach[ ] the merits."

*Jackson v. Johns,* 259 F. App'x 181, 182-83 (11th Cir. 2007) (citation omitted) (vacating

district court's order dismissing with prejudice for failure to state a claim and remanding

with instructions to dismiss without prejudice for failure to properly serve defendants);

*Republic of Panama v. BCCI Holdings (Luxembourg) S.A.,* 119 F.3d 935, 940 (11th Cir.

1997); *Courboin v. Scott,* 596 F. App'x 729, 735 (11th Cir. 2014) (finding no personal

jurisdiction and stating that it "underst[oo]d and appreciate[d] the district court's

motivation to address the merits of the claims in the alternative" but vacated "the portion

of the district court's order dismissing the complaint with prejudice for failure to state a

claim").  "A defendant's actual notice is not sufficient to cure defectively executed

service."  *Fitzpatrick v. Bank of N.Y. Mellon*, 580 F. App'x 690, 694 (11th Cir. 2014).

Under Federal Rule of Civil Procedure 4(m), the plaintiff must serve the

defendants with all appropriate papers within ninety (90) days after the complaint is

filed.  "[A] state or local government or any other state-created governmental

organization must be served in accordance with the laws of the state or by delivering a

copy of the summons and complaint to its chief executive officer."  *Gilbert v. City of Pine*

*Lake,* 2022 U.S. App. LEXIS 10643 at *5-6, 2022 WL 1162087 (11th Cir. Apr. 20, 2022)

(citing Fed. R. Civ. P. 4(j)(2)).  "Under Georgia law, to effect service on a governmental

organization, the plaintiff must serve a proper person, like the Chairman of the Board of

Commissioners … or an agent authorized by appointment to receive service of process." *Id*. at *6 (citing O.C.G.A. § 9-11-4(e)(5)).

*Motion to dismiss for failure to state a claim*. The Federal Rules of Civil Procedure require that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To avoid dismissal pursuant to Rule12(b)(6), a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when "the court [can] draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted).

At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *FindWhat Inv. Grp. v. FindWhat.com.*, 658 F.3d 1282, 1296 (11th Cir. 2011) (internal quotation marks and citations omitted). But "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Wiersum v. U.S. Bank, N.A.*, 785 F.3d 483, 485 (11th Cir. 2015) (cleaned up). The complaint must "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted). Where there are dispositive issues of law, a court may dismiss a claim regardless of the alleged facts. *Patel v. Specialized Loan Servicing,*

*LLC*, 904 F.3d 1314, 1321 (11th Cir. 2018).  Dismissal on statute-of-limitations grounds is "'appropriate *only* if it is apparent from the face of the complaint that the claim is time-barred' and '*only* if it appears beyond a doubt that [a plaintiff] can prove no set of facts that toll the statute.'"  *Sec'y of Lab. v. Labbe*, 319 F. App'x 761, 764 (11th Cir. 2008) (quoting *Tello v. Dean Witter Reynolds, Inc.*, 410 F.3d 1275, 1288 n.13 (11th Cir. 2005), *overruled on other grounds by Merck & Co., Inc. v. Reynolds*, 559 U.S. 633 (2010) (alteration in original)).

*Motion to dismiss ADEA claims for failure to exhaust administrative remedies.* To bring suit under the ADEA, a plaintiff must exhaust administrative remedies.  *See Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001).  The Eleventh Circuit has held that "[e]xhaustion of administrative remedies is a matter in abatement that should be raised in a motion to dismiss, or treated as such if raised in a motion for summary judgment."  *Basel v. Sec'y of Defense*, 507 F. App'x. 873, 874 (11th Cir. 2013) (citing *Bryant v. Rich*, 530 F.3d 1368, 1374-75 (11th Cir. 2008)).

In Georgia, an employee is required to submit a charge of discrimination with the EEOC within 180 days of the alleged unlawful conduct.  29 U.S.C. § 626(d)(1); *Wilkerson*, 270 F.3d at 1317 ("For a charge to be timely in a non-deferral state such as Georgia, it must be filed within 180 days of the last discriminatory act.").  "Only those claims arising within 180 days of the filing of a charge are actionable" and "[u]ntimely claims are barred and fail to state a claim upon which relief would be granted."  *Gray v. Rooms To Go Furniture Corp. of Ga.*, No. 5:24-cv-00227-TES, 2024 U.S. Dist. LEXIS 213471, at *7-8 (M.D. Ga. Nov. 22, 2024) (citing *EEOC v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1271 (11th Cir. 2002)).

In addition, claims under the ADEA must be filed "within 90 days of the claimant's receipt of a right-to-sue letter from the EEOC." *Scott v. Piedmont Columbus Reg'l Hosp.*, 806 F. App'x 954, 955 (11th Cir. 2020) (90-day limitations period applicable to ADEA actions). This 90-day limitations period begins to run "upon actual receipt" of the EEOC right-to-sue letter. *Zillyette v. Capital One Fin. Corp.*, 179 F.3d 1337, 1339 (11th Cir. 1999). Filing within the ninety-day period is a condition precedent subject to equitable tolling or waiver, rather than a jurisdictional bar. *Fouche v. Jekyll Island-State Park Auth.*, 713 F.2d 1518, 1525-26 (11th Cir. 1983). Once the defendant contests whether the plaintiff filed her complaint within ninety days of receipt of the EEOC's right-to-sue notice, "the plaintiff has the burden of establishing that [s]he met the ninety[-]day filing requirement." *Green v. Union Foundry Co.*, 281 F.3d 1229, 1234 (11th Cir. 2002) (citation omitted).

If plaintiff does not timely respond to the motion to dismiss, the Court may dismiss her claims against the defendant. Under the procedures and policies of this Court, motions to dismiss are normally decided on briefs. However, if the defendant has alleged that the plaintiff's claims should be dismissed for failure to exhaust administrative remedies, "[t]he judge properly may consider facts outside of the pleadings to resolve a factual dispute as to exhaustion where doing so does not decide the merits, and the parties have a sufficient opportunity to develop the record." *Trias v. Fla. Dep't of Corr.*, 587 F. App'x 531, 535 (11th Cir. 2014) (citing *Bryant*, 530 F.3d at 1376). If the plaintiff is responding to a motion to dismiss for failure to exhaust, this is her opportunity to "develop the record." *Id*. Thus, plaintiff may provide the Court with

affidavits and/or other documents showing that she has, in fact, exhausted available administrative remedies.

Finally, plaintiff may submit her argument to this Court by filing a brief in opposition to the defendant's motion.  Unless the Court has granted prior permission, any brief should not exceed 20 pages.  M.D. Ga. L.R. 7.4.

**SO ORDERED**, this 5th day of August, 2025.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT