IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| BERNITA DAVIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) CIVIL ACTION NO. 5:24-cv-444 (MTT) |
| PEACH COUNTY BOARD OF COMMISSIONERS, | ) ) ) ) |
| Defendant. | ) ) |

**ORDER**

The plaintiff, Bernita Davis, filed this employment discrimination action on December 2, 2024. ECF 1. Defendant Peach County Board of Commissioners ("BOC") moved to dismiss the complaint pursuant to Rules 12(b)(5) and (6) of the Federal Rules of Civil Procedure. ECF 8. Davis failed to respond to the motion to dismiss.[1] For the reasons that follow, the BOC's motion to dismiss for insufficient service of process is **GRANTED**.

"Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Pardazi v. Cullman Med. Ctr.,* 896 F.2d 1313, 1317 (11th Cir. 1990); *Prewitt Enters., Inc. v. OPEC,* 353 F.3d 916, 921 (11th Cir. 2003). Generally, the Court must consider jurisdictional issues first. *Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1214 n.6 (11th Cir. 1999). Accordingly, where service of process is insufficient, it is "improper for the district court to ... reach[ ] the merits." *Jackson v. Johns,* 259 Fed. App'x 181, 182-83 (11th Cir. 2007)

---

[1] After the BOC moved to dismiss, the Court sent Davis a *Griffith* notice advising her of the significance of the BOC's motion. *See* ECF 9.

(citation omitted) (vacating district court's order dismissing with prejudice for failure to state a claim and remanding with instructions to dismiss without prejudice for failure to properly serve defendants); *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.,* 119 F.3d 935, 940 (11th Cir. 1997); *Courboin v. Scott,* 596 Fed. App'x 729, 735 (11th Cir. 2014) (finding no personal jurisdiction and stating that it "underst[oo]d and appreciate[d] the district court's motivation to address the merits of the claims in the alternative" but vacated "the portion of the district court's order dismissing the complaint with prejudice for failure to state a claim"). "A defendant's actual notice is not sufficient to cure defectively executed service." *Fitzpatrick v. Bank of N.Y. Mellon*, 580 Fed. App'x 690, 694 (11th Cir. 2014).

Under Federal Rule of Civil Procedure 4(m), the plaintiff must serve the defendants with all appropriate papers within ninety (90) days after the complaint is filed. "[A] state or local government or any other state-created governmental organization must be served in accordance with the laws of the state or by delivering a copy of the summons and complaint to its chief executive officer." *Gilbert v. City of Pine Lake,* 2022 U.S. App. LEXIS 10643 at *5-6, 2022 WL 1162087 (11th Cir. Apr. 20, 2022) (citing Fed. R. Civ. P. 4(j)(2)). "Under Georgia law, to effect service on a governmental organization, the plaintiff must serve a proper person, like the Chairman of the Board of Commissioners … or an agent authorized by appointment to receive service of process." *Id*. at *6 (citing O.C.G.A. § 9-11-4(e)(5)).

Davis was required to serve either the BOC's Chairman, Martin Moseley, or its authorized agent under O.C.G.A. § 9-11-4(e)(5). *See* ECF 8-2 ¶ 3. Davis attempted to serve the Chairman by leaving the summons with Audrey Jernigan, who according to

the process server "identified [herself] as the assistant county clerk" and "stated that she was authorized to accept documents." ECF 4 at 1. The BOC, by affidavit, denies that Ms. Jernigan is authorized by appointment to receive service of process for the BOC. ECF 8-2 ¶ 4. Without factual evidence to the contrary, the BOC's affidavit governs. *See News-Press Pub. Co. v. Kalle,* 173 Ga. App. 411, 411, 326 S.E.2d 582 (1985) (citations omitted) ("Service of process on merely an apparent agent is not sufficient. It must be made on an actual agent. ... The bare assertion or denial of the existence of an agency relationship is a statement of fact when made by one of the purported parties to the relationship; but when made by an outsider, bare assertions or denials are merely conclusions of law."). Because Ms. Jernigan is neither the Chairman nor an agent authorized to receive service of process, the BOC has not been served. Accordingly, the BOC's motion to dismiss for insufficient service of process (ECF 8) is **GRANTED** and Davis' claims are **DISMISSED without prejudice.**

    **SO ORDERED**, this 17th day of September, 2025.

                                                          S/ Marc T. Treadwell
                                                          MARC T. TREADWELL, JUDGE
                                                          UNITED STATES DISTRICT COURT